UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1936 PA (SPx) | Date | September 26, 2017 |
|---|---|---|---|
| Title | Richard Valencia v. Hill Phoenix, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Notice of Removal filed by defendant Hill Phoenix, Inc. ("Defendant"). (Docket No. 1.)  Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Richard Valencia ("Plaintiff") on the basis of the Class Action Fairness Act ("CAFA").  See 28 U.S.C. § 1332(d).

**I.  Background**

On August 7, 2017, Plaintiff filed a class action complaint in San Bernardino County Superior Court.  The complaint alleged causes of action for: (1) failure to pay overtime wages under California Labor Code §§ 510 and 1198; (2) failure to pay meal period premium wages under California Labor Code §§ 226.7 and 512(a); (3) failure to pay rest period premium wages under California Labor Code § 226.7; (4) failure to pay minimum wages under California Labor Code §§ 1194, 1197, and 1197.1; (5) failure to timely pay all earned wages at the time of separation under California Labor Code §§ 201 and 202; (6) failure to provide wage statements under California Labor Code § 226(a); (7) failure to reimburse business expenses under California Labor Code §§ 2800 and 2802; and (8) unfair business practices under California Business & Professions Code § 17200.  (Compl., Fossati Decl. Ex. A.)

Plaintiff began his employment with Defendant in 2012 as an hourly-paid, non-exempt employee but has been on leave since August 2016.  (Compl. ¶ 19.)  Plaintiff seeks to represent a class comprised of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment."  (Id. ¶ 13.)

Defendant was served with the complaint on August 28, 2017.  (Notice of Removal, ¶ 3.)  On September 22, 2017, Defendant removed the action to this Court, asserting, among other things, that the aggregate amount in controversy in this case exceeds $5,000,000.  (Id. ¶¶ 18-25.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 17-1936 PA (SPx) | Date | September 26, 2017 |
| Title | Richard Valencia v. Hill Phoenix, Inc. | | |

## II. Legal Standard

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. §1441. The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214, 1219 (1941); see also Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). The district court must remand the case if, before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). The amount in controversy requirement excludes "interest and costs," and therefore attorneys' fees are included in the calculation of the amount in controversy. 28 U.S.C. § 1332(a); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego, 443 F.3d at 685. Thus, Defendant bears the burden to establish that this Court has jurisdiction over Plaintiff's claims. Jurisdiction cannot be based on speculation. See Lowdermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds by Rodriguez v. AT&T Mobility Servs., LLC, 728 F.3d 975, 977, 980 (9th Cir. 2013). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090-91. A plaintiff seeking to represent a putative class cannot evade federal jurisdiction by stipulating that the amount in controversy falls below the jurisdictional minimum. Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 594-96, 133 S. Ct. 1345, 1350 (2013). The Ninth Circuit recently held that Standard Fire has so undermined the reasoning of Lowdermilk that the latter has been effectively overruled. Therefore, a defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. Rodriguez, 728 F.3d at 981.

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1936 PA (SPx) | Date | September 26, 2017 |
|---|---|---|---|
| Title | Richard Valencia v. Hill Phoenix, Inc. | | |

(E.D. Cal. 2008); see also Rippee v. Bos. Mkt. Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The contents of the notice of removal and supplemental evidence provided after the removal petition has been filed may be considered to determine whether the defendant has adequately shown that the amount in controversy has been met. See Abrego, 443 F.3d at 690; Cohn v. Petsmart, Inc., 281 F. 3d 837, 840, 840 n.1 (9th Cir. 2002). A court may also "consider any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Valdez, 372 F.3d at 1117 (quoting Matheson, 319 F.3d at 1090).

### III. Analysis

The complaint does not allege any specific amount in controversy, stating only that "[t]he 'amount in controversy' for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000)." (Compl. ¶ 1.)

In support of its assertion that this case satisfies CAFA's $5,000,000 amount-in-controversy requirement, Defendant provides a declaration supporting allegations of the number of putative class members implicated by various claims. (Simmons Decl. ¶¶ 4-6; see Notice of Removal ¶ 20(a)-(d), (h), (i).) Defendant estimates that, "[b]ased on the allegations in Plaintiff's Complaint," putative class members (1) worked 2 overtime hours per week during the four years preceding the complaint's filing; (2) missed 3 meal periods per week during that period; and (3) missed 3 rest breaks per week during that period. (Notice of Removal ¶ 20(e)-(g).) Defendant asserts that "[b]ased on [its] reasonable assumptions . . . the amount in controversy just as to the first, second, third, fifth and sixth causes of action equals **$9,860,228.00**." (Id. ¶ 23 (emphasis in original).) Defendant further alleges that it "reasonably estimates that attorney's fees alone will exceed the sum of $250,000 through trial" (id. ¶¶ 23-24; see also Fossati Decl. ¶ 8), bringing the total alleged amount to $10,110,228.00.

Defendant fails to provide support for a number of the assumptions underlying Defendant's calculation of the amount in controversy. In concluding that at least $2,903,124.00 is put in controversy by each of Plaintiff's first three causes of action (failure to pay overtime wages, failure to provide meal periods, and failure to provide rest breaks, respectively), Defendant relies on its assumptions that each putative class member worked 2 overtime hours, missed 3 meal periods, and missed 3 rest breaks per week during the 4-year limitations period. (Notice of Removal ¶¶ 20(e)-(g), 23(a)-(c).) But Plaintiff's complaint alleges only that Plaintiff and other putative class members worked overtime and missed meal periods and rest breaks; Plaintiff does not attempt to quantify their frequency. (See Compl. ¶¶ 24, 27-29, 35-36, 48, 57-58, 67-69.) Nor do the documents provided with the Notice of Removal provide any support for Defendant's estimates. Defendant's assumptions about the number of times that each class member experienced a violation are not supported by any "summary-judgment-type" evidence. Rather, Defendant's calculations of the amount put in controversy by each of Plaintiff's first three causes of

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1936 PA (SPx) | Date | September 26, 2017 |
|---|---|---|---|
| Title | Richard Valencia v. Hill Phoenix, Inc. | | |

action are merely speculation and conjecture, and are insufficient to satisfy Defendant's burden of establishing this Court's jurisdiction.

Defendant does not include a calculation of the possible recovery under the fourth cause of action (failure to pay minimum wages). As with the first three causes of action, the complaint does not itself provide the detail required to determine the amount put in controversy by Defendant's alleged failure to pay minimum wages. (See Compl. ¶¶ 30, 37, 72-77.) The Court thus has no basis to consider what amount is put in controversy by the fourth cause of action. Accordingly, Plaintiff or other class members' potential recovery under this cause of action does not support Defendant's removal of this action.

Defendant alleges that "[a]s to the fifth cause of action, assuming that each of the 53 putative class members who were terminated from Hill PHOENIX within three years of the filing of Plaintiff's Complaint are entitled to 30 days of wages, there would be at least **$410,856.00** in controversy ($32.30 average hourly rate X 8 hours X 30 days X 53 putative class members = $410,856.00)." (Notice of Removal ¶ 23(d) (emphasis in original).) California Labor Code § 203(a) provides that "[i]f an employer willfully fails to pay, without abatement or reduction . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Defendant's calculation thus explicitly assumes that each class member is entitled to the maximum recovery, which would require that Defendant failed to pay class members within 30 days of their termination of employment. But Plaintiff alleges only that "Plaintiff and the other class members . . . did not, in fact, receive all . . . wages owed to them at the time of their discharge or resignation." (Compl. ¶ 31.) Plaintiff alleges that he and other class members "are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum"; Plaintiff does not allege that all class members are entitled to the maximum amount. (Id. ¶ 83 (emphasis added).) Defendant provides no evidence of its own to support the maximum possible recovery for unpaid wages. Thus, this calculation, too, is merely speculation and conjecture.

Similarly, Defendant alleges that "[a]s to the sixth cause of action, assuming each of the 185 putative class members who were employed within one year of the filing of Plaintiff's Complaint is entitled to the maximum penalty of $4,000 under [California Labor Code] Section 226, the amount in controversy would equal **$740,000** ($4,000 penalty X 185 putative class members = $740,000). (Notice of Removal ¶ 23(e) (emphasis in original).) In his complaint, Plaintiff alleges that he and other class members were entitled to, but did not, receive complete and accurate wage statements, in violation of section 226(a). (Compl. ¶¶ 32, 39, 85-86.) Violations of section 226(a) subject employers to actual damages or statutory damages of $50 for the initial pay period and $100 for each violation in a subsequent pay period up to a maximum of $4,000. See Cal. Lab. Code § 226(e). The statute thus provides for a specific amount of damages per violation per pay period. Even assuming that a violation occurred every pay period, Defendant has failed to provide facts establishing the number of class

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1936 PA (SPx) | Date | September 26, 2017 |
|---|---|---|---|
| Title | Richard Valencia v. Hill Phoenix, Inc. | | |

members who worked a sufficient number of pay periods to qualify for the maximum damages. Indeed, Plaintiff alleges only that he and other class members "are entitled to recover from Defendants the greater of their actual damages . . . or an aggregate penalty not exceeding four thousand dollars per employee." (Compl. ¶ 89 (emphasis added).) Defendant's assumptions about the number of times that each class member experienced a violation are not supported by allegations in the complaint or any "summary-judgment type" evidence but rather reflect mere speculation and conjecture.

Finally, although attorneys' fees may properly be considered as part of the amount in controversy, Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998), decisions from within the Ninth Circuit recognize a "split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." See Aguilar v. Courtyard Mgmt. Corp., No. CV 13-7181 MMM (SHx), 2014 WL 12597037, at *8 (C.D. Cal. Jan. 13, 2014) (collecting cases); see also Reames v. AB Car Rental Servs., 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) ("It appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that the split between the Conrad/Faulkner and the Simmons/Brady lines of cases may best be resolved by adoption of the Conrad/Faulkner reasoning that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes."); Kidner v. P.F. Chang's China Bistro, Inc., No. EDCV 15–287 JGB (KKx), 2015 WL 2453523, at *5-6 (C.D. Cal. May 21, 2015) (adopting reasoning in Reames); Gomez v. CarMax Auto Superstores Cal., LLC, No. CV 14-9019 CAS (PLAx), 2015 WL 1967078, at *2 (C.D. Cal. Apr. 30, 2015) (same). The Court finds Reames persuasive, and therefore concludes that Defendant's reliance on anticipated attorneys' fees is insufficient to satisfy its burden to show that the amount in controversy exceeds the jurisdictional minimum. Moreover, because Defendant has offered no evidence of any pre-removal attorneys' fees accrued by Plaintiffs, the Court has no basis to consider any portion of the asserted $250,000 in attorneys' fees to determine the amount in controversy.

Accordingly, the Court concludes that Defendant has improperly relied on mere speculation and on anticipated but unaccrued attorneys' fees in asserting that this action satisfies CAFA's jurisdictional amount-in-controversy requirement. Defendant thus has not proven by a preponderance of the evidence that the amount in controversy has been met. See, e.g., Kenneth Rothschild Tr., 199 F. Supp. 2d at 1001.

## Conclusion

For the foregoing reasons, Defendant has not met its burden to establish this Court's jurisdiction. Accordingly, this action is remanded to the San Bernardino County Superior Court, Case No. CIVDS 1715125, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.